## 13636

## DEITER v. FRICK CO., INC.

(169 S. E., 297)

January, 1932.

*Messrs. Thomas, Lumpkin & Cain,* for appellant,

*Mr. Alva C. DePass*, for respondent,

May 10, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent purchased of the appellant a certain refrigerating plant for use in his business in the City of Columbia, S. C., as a retail and wholesale dealer in fish and oysters. The contract of purchase was evidenced by the written proposal to buy, and the acceptance to sell. It contained a provision that, if any parts of the machinery and apparatus proved to be defective in workmanship or material within one year from the date of shipment from Waynesboro, Pa., Frick Company would furnish duplicates of the defective parts, free of charge, f. o. b. Waynesboro, Pa.; provided the defective parts be shipped to Frick Company at Waynesboro, transportation charges prepaid.

Plaintiff, respondent here, brought his action in the County Court for Richland County seeking to recover damages of the defendant, appellant here. He alleges in his complaint that within the time limit of one year from the date

of shipment of the machinery and apparatus certain parts of it proved defective; that parts of it broke, parts of it blew up, and the whole plant was stopped, and plaintiff's business, dependent on it, was at a standstill; that he immediately notified the local representative of Frick Company of the disaster, and through him notified Frick Company of the parts of machinery and apparatus necessary to replace the defective parts, which he expected the company to furnish free of charge; that Frick Company refused to furnish the parts unless plaintiff would pay an installment note then due on the first purchase, and would pay in cash for the new parts; that, because of the exigency and the nature of his business, plaintiff was compelled to pay these sums; that defendant was notified that, because of the special nature of his business and the peculiar conditions then prevailing, plaintiff would suffer special and serious damages, unless the new parts were promptly supplied; that, notwithstanding the payment of the sums demanded, the notice of special damages which would be entailed by delay in shipment, and frequent and urgent demand for shipment of the parts, defendant delayed such shipment for an unreasonable length of time—to wit, forty-six days—during which time plaintiff's refrigerating plant was closed down; that plaintiff was prevented from purchasing large quantities of fish at advantageous prices, which would have been frozen and put away for his trade at other seasons; and other items of loss and damage are recited.

The answer admits the formal allegations of the complaint, and alleges that, when the company was notified of the break at the plant of the plaintiff, the duplicate parts would have been immediately shipped and delivered, but plaintiff refused to make necessary arrangements for the payment of the purchase price of these new parts; that, as soon as this was done, the parts were shipped; further answering, the defendant set up as an integral and inseparable part of the contract of sale the following condition: "Frick

Company to furnish free of charge F. O. B. Waynesboro, Pa., duplicate part or parts to replace any part or parts in the above machinery and apparatus which may prove defective in workmanship or material within one year from the date of shipping said machinery and apparatus, provided said defective parts be shipped by the Buyer to Frick Company. Waynesboro, Pa., transportation charges prepaid. Frick Company is not to be liable for any losses, damages or delays caused by defects, except to furnish duplicate parts as provided herein; its liability being expressly limited to furnishing duplicate parts."

It further answered that the alleged defective parts were shipped to defendant, and a careful and thorough examination made of them which did not disclose any defects in material or workmanship, but, on the contrary, showed that the parts had been manufactured with skill and out of sound material. Wherefore defendant denied liability under the contract to furnish new parts free of charge.

The case was heard by Judge Whaley and a jury. After the jury was impaneled, but before any testimony was taken, defendant's attorney demanded to know of plaintiff's attorney whether the action was founded on an express warranty, to which plaintiff's attorney replied: "That is our case."

At the conclusion of the taking of the testimony, defendant's attorneys moved for the direction of a verdict in favor of defendant, which was denied. The jury found for plaintiff the sum of $1,500.00. From the judgment entered on this verdict the appeal comes to this Court.

There are fourteen exceptions. Appellant's counsel condenses them into five questions. In our judgment, these may be further condensed into two cardinal issues, viz.: Should plaintiff have been restricted in pleading and proof to the warranty contained in the written contract? Was it error to permit plaintiff to recover for damages for alleged failure to furnish the duplicate parts in reasonable time?

An analysis of the pleadings discloses that the plaintiff stands upon the contract, but he affirms that the defendant breached it; that his damages arise from that breach in this wise: First, he was entitled to have the duplicate parts furnished free of charge; that, being denied this right, he paid for new parts which defendant delayed and neglected to ship for an unreasonable length of time; thus shutting down his refrigerating plant which entailed losses of a special nature, of which losses defendant had been warned.

Defendant's answer in effect says: Plaintiff is bound by the contract—if defendant fail or refuse to furnish duplicate parts free of charge, plaintiff's only remedy is to sue for the value of the new parts. If defendant furnishes the duplicate parts, it shall not be liable for damages, delays, and losses.

Despite the fact that defendant did not furnish the new parts free of charge, it seeks to hold plaintiff to that part of the contract which limits liability to the value of the parts. This appears to us to be an inconsistent position. Defendant denies liability on the contract, but would hold plaintiff to its strictest terms. One is reminded of the fable of the man who blew hot and cold. He blew on his hands to warm them, and blew on his broth to cool it.

When the machinery showed defects within the time limit fixed by the contract, plaintiff had the right to have the defective parts replaced free of charge. True, defendant had the right to have the parts shipped to it, and it appears by the answer that they were shipped and on examination no defects were found. Plaintiff was compelled to have the new parts at once. He notified defendant of the special and peculiar damages he would suffer if his refrigerating plant continued to be shut down and idle for lack of these parts.

Apparently a new contract of sale was made. Plaintiff, on demand of defendant, and as a condition precedent to the shipment of the duplicate parts, had to pay, or arrange for

the payment of, an installment note due on the first purchase and pay in cash the price of the new parts which amounted to $465.60. When this was done, there arose the reciprocal obligation of the defendant to ship the parts in reasonable time.

Plaintiff sues for breach of contract, whereby he was made to pay for parts which he alleges he was entitled to have free of charge; and he sues for the damages which he alleges followed this breach of the contract which compelled him to buy the needed parts of the machinery, and from the defendant's negligence and delay in shipping them. In other words, he claims that all of his losses and damages were the logical results of defendant's breach of its contract to furnish the defective parts free of charge and promptly. We think the construction of the contract by the trial Judge was the proper one. He submitted the issues of fact arising from the pleadings and the evidence to the jury, and its findings are well sustained by the evidence.

The defendant especially complains that the plaintiff, even if entitled to recover for the price of the new parts, was not entitled under the pleadings to recover consequential and speculative damages; that is to say, the complaint set forth but one cause of action. The complaint definitely stated the claim of right of recovery of damages for the breach of the contract caused by the negligent failure of defendant to ship in reasonable time the parts plaintiff had been compelled to buy and pay for. Speculative damages are not recoverable, but in this case there is evidence of definite and concrete losses of a special nature which plaintiff suffered by reason of his refrigeration plant being shut down. Of the danger of these special damages defendant had had ample warning, if there was undue delay in making the shipment. Such damages were within the scope of the pleadings and were justified by the proof.

The various exceptions assign specific errors to the trial Judge in his charge, in his refusal of certain requests to charge and his modification of certain other requests.

We do not find that these assignments of error are meritorious. The competent and comprehensive general charge covered the law of the case in full recognition and protection of defendant's interests.

All exceptions are overruled, and the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.